1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7    BRETT L. FAGAN,
                                        NO:  13-CV-0410-TOR
8                          Plaintiff,
                                        ORDER GRANTING DEFENDANT'S
9          v.                           MOTION FOR SUMMARY
                                        JUDGMENT
10   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security
11   Administration,

12                         Defendant.

13

14        BEFORE THE COURT are the parties' cross motions for summary

15   judgment (ECF Nos. 11 and 13).  Plaintiff is represented by Dana C. Madsen.

16   Defendant is represented by Richard M. Rodriguez.  The Court has reviewed the

17   administrative record and the parties' completed briefing and is fully informed.

18   For the reasons discussed below, the Court grants Defendant's motion and denies

19   Plaintiff's motion.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."

*Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in

1   "substantial gainful activity," the Commissioner must find that the claimant is not

2   disabled.  20 C.F.R. § 404.1520(b).

3          If the claimant is not engaged in substantial gainful activities, the analysis

4   proceeds to step two.  At this step, the Commissioner considers the severity of the

5   claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers

6   from "any impairment or combination of impairments which significantly limits

7   [his or her] physical or mental ability to do basic work activities," the analysis

8   proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment

9   does not satisfy this severity threshold, however, the Commissioner must find that

10  the claimant is not disabled.  *Id.*

11         At step three, the Commissioner compares the claimant's impairment to

12  several impairments recognized by the Commissioner to be so severe as to

13  preclude a person from engaging in substantial gainful activity.  20 C.F.R.

14  § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the

15  enumerated impairments, the Commissioner must find the claimant disabled and

16  award benefits.  20 C.F.R. § 404.1520(d).

17         If the severity of the claimant's impairment does meet or exceed the severity

18  of the enumerated impairments, the Commissioner must pause to assess the

19  claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

20  defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.  *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If the analysis proceeds to step five, the burden shifts to the Commissioner to

1    establish that (1) the claimant is capable of performing other work; and (2) such

2    work "exists in significant numbers in the national economy."  20 C.F.R.

3    § 404.1560(c); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

5    Plaintiff applied for Title II disability insurance benefits on December 9,

6    2010.  Tr. 149-156.  Plaintiff's application was denied initially and upon

7    reconsideration.  Tr. 97-99, 104-108.  Plaintiff requested a hearing and appeared

8    with an attorney before an ALJ on July 25, 2012.  Tr. 35-69.  On September 17,

9    2012, the ALJ issued a decision denying Plaintiff benefits.  Tr. 19-30.

10   The ALJ found that Plaintiff met the insured status requirement of the Social

11   Security Act through June 30, 2013.  Tr. 21.  At step one, the ALJ found that

12   Plaintiff had not engaged in substantial gainful activity since January 1, 2009, the

13   amended alleged onset date.  *Id*.  At step two, the ALJ found that Plaintiff had

14   severe impairments, including: depression; personality disorder with anti-social

15   and paranoid features; and migraine headaches episodic abdominal pain.  *Id*.   The

16   ALJ then determined that Plaintiff had the RFC to perform light work as defined in

17   20 C.F.R. 404.1567(b), and that he

18       can understand and remember locations, work-like procedures, and
         very short, simple instructions.  When not abusing drugs, he can carry
19       out very short, simple instructions, perform activities within a
         schedule, maintain regular attendance, and be punctual within
20       customary tolerances.  He can sustain an ordinary routine without
         special supervision, make simple work related decision and complete

a normal workday and workweek without interruptions from psychologically based symptoms.  He can perform at a consistent pace without an unreasonable number and length of rest periods.  He can ask simple questions or request assistance.  He can respond to changes in the work setting.  He can be aware of normal hazards and take appropriate precautions.  He can travel in unfamiliar places, use public transportation, and set realistic goals or make plans independently of others.  He has the ability to work in proximity to, but not close cooperation with, others.  He can have superficial contact with co-workers and supervisors.  He can have no interaction with the public.

Tr. 23-24.  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  Tr. 28.  At step five, after considering Plaintiff's age, education, work experience, and RFC, the ALJ found Plaintiff could perform other work existing in significant numbers in the national economy, such as small product assembler, house keeper, and hand packager.  Tr. 29.  Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act and denied his claims on that basis.  Tr. 30.

Plaintiff requested review by the Appeals Council on October 1, 2012.  Tr. 14-15.  The Appeals Council denied this request on October 11, 2013.  Tr. 1-5, making the ALJ's decision the Commissioner's final decision that is subject to judicial review.  42 U.S.C. §§ 405(g), 1383(c)(3);  20 C.F.R. §§ 416.1481, 422.210.

**ISSUE**

Whether the ALJ properly weighed the medical opinion evidence.

**DISCUSSION**

Plaintiff contends the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of examining psychologists Scott Mabee, Ph.D. and John Arnold, Ph.D.  ECF No. 11 at 11-12.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-1202 (9th Cir. 2001) (citations omitted) (brackets in original). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*.   If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

**<u>Scott Mabee, Ph.D.</u>**

Plaintiff first contends the ALJ improperly rejected Dr. Mabee's opinions offered in a report prepared by Amy Robinson, M.S.  ECF Nos. 11 at 3-4, and 14 at 2.  Dr. Mabee's signature appears near the box for the releasing authority's approval, not the box for the examining professional's signature.  Tr. 288.  There is

no evidence Dr. Mabee prepared, supervised or concurred in the report.  Even so, the ALJ considered the evaluation and gave little weight to Ms. Robinson's opinion that "the claimant would be unable to maintain employment due his irritability and aggression."  Tr. 27-28, 294.  The ALJ correctly points out that Ms. Robinson is an M.S. and is not considered an acceptable medical source and further that her opinion was inconsistent with her examination results.  Tr. 28, 292. This inconsistency is a germane reason for discounting Ms. Robinson's conclusion.

Dr. Mabee completed two evaluations; one in December 2009 (Tr. 435-40) and one in November 2010 (Tr. 275-78).  The ALJ gave significant weight to Dr. Mabee's opinion of November 2010 "because he had an opportunity to examine the claimant and his opinion was consistent with the record as a whole."  Tr. 27. Plaintiff complains that the ALJ did not properly reject Dr. Mabee's opinions but the ALJ incorporated the identified limitations in Plaintiff's RFC determination. The Plaintiff has failed to show the ALJ's RFC finding is inconsistent with the limitations set forth by Dr. Mabee.  An ALJ's findings need only be consistent with relevant assessed limitations and not identical to them.  *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (holding that there is no conflict to resolve when an ALJ incorporates limitations that are "entirely consistent," if not identical, to a doctor's assessed limitations into the RFC); *Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004) (finding that substantial

1    evidence supported ALJ's RFC determination because the limitations included in

2    the RFC were "consistent with"—albeit not identical to—the examining

3    therapist's).  The ALJ did not err by assigning significant weight to Dr. Mabee's

4    assessment and incorporating it in Plaintiff's RFC.

5        **John Arnold, Ph.D.**

6        Next, Plaintiff argues that the ALJ did not properly consider and assess Dr.

7    Arnold's opinion.  ECF No. 11 at 11-12.  On April 27, 2011, Dr. Arnold completed

8    a psychological evaluation of Plaintiff.  Tr. 420-426.  Dr. Arnold diagnosed

9    Plaintiff with major depressive disorder and personality disorder with borderline

10   and antisocial features.  Tr. 26, 421.  Dr. Arnold opined that Plaintiff would be able

11   to remember locations and simple repetitive work procedures; understand,

12   remember and carry out simple instructions; and maintain attention and

13   concentration for limited periods.  Tr. 27, 422.  During the examination, Plaintiff

14   was fully oriented and alert; dressed appropriately; had normal speech and

15   unremarkable psychomotor activity; scored 25/30 on his mental status

16   examination; and was goal-directed with fair insight and fair impulse control. Tr.

17   26, 424.

18       The ALJ gave significant weight to Dr. Arnold's conclusions.  Tr. 27.  The

19   ALJ's RFC finding is consistent with Dr. Arnold's assessed limitations and thus,

20   no error has been shown.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 13, is

   **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter

Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** December 29, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11